FILED
2014 Oct-03  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, National Association, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.:_____ |
| JWWTEW, LLC, and ) JOHN WESLEY WILLIAMS, JR., ) ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Wells Fargo Bank, National Association ("Wells Fargo"), states as follows for its complaint against Defendants JWWTEW, LLC ("JWWTEW") and John Wesley Williams, Jr. ("Williams"):

### Parties

1. Wells Fargo is a National Association with its principal place of business in California. Wells Fargo is the successor by merger to Wachovia Bank, National Association ("Wachovia"), the original lending institution in the loan documents described herein. Wells Fargo, as successor to Wachovia, is the holder of all loan documents described herein and is the party entitled to enforce the same.

2. JWWTEW is a limited liability corporation organized pursuant to the laws of the State of Alabama. Upon information and belief, Williams is the sole

member of JWWTEW.

3.  Williams is an adult citizen of the State of Alabama who resides in Mobile, Alabama.

## Jurisdiction and Venue

4.  This court has jurisdiction over this case pursuant to 28 U.S.C. §1332. There is diversity between the parties and the amount in controversy exceeds $75,000.00.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) and the Forbearance Agreement, as discussed *supra*.

## Facts

### The Loans

6.  On or about August 3, 2007, Wachovia made a loan to JWWTEW in the original principal amount of $1,300,000.00 (the "Loan").

7.  The Loan is evidenced by that certain Promissory Note (the "Note") dated August 3, 2007, made by JWWTEW payable to the order of Wachovia, in the original principal amount of $1,300,000.00. A true and correct copy of the Note is attached hereto as **Exhibit 1**.

8.  The Loan is secured by, among other things, that certain Security Agreement (the "Security Agreement 1") dated August 3, 2007, executed by

JWWTEW in favor of Wachovia, pursuant to which JWWTEW granted Wachovia a security interest in all of JWWTEW's deposit accounts with Wachovia including, but not limited to, deposit account number 586491180229819. A true and correct copy of the Security Agreement 1 is attached hereto as **Exhibit 2.**

9. The Loan is further secured by, among other things, that certain Security Agreement (the "Security Agreement 2," together with the Security Agreement 1, the "Security Agreements") dated August 3, 2007, executed by JWWTEW in favor of Wachovia, pursuant to which JWWTEW granted Wachovia a security interest in personal property more particularly described therein. A true and correct copy of the Security Agreement 2 is attached hereto as **Exhibit 3.**

10. The Loan is further secured by, among other things, that certain Unconditional Guaranty (the "Guaranty," collectively with the Note and the Security Agreements, the "Loan Documents"), dated August 3, 2007, executed by Williams in favor of Wachovia. A true and correct copy of the Guaranty is attached hereto as **Exhibit 4.** In connection with two other loans from Wachovia to JWWTEW, Williams executed two other guaranty agreements in favor of Wells Fargo that secure payment of the Loan at issue in this action.

The First Complaint and Forbearance

11. On June 18, 2010, Wells Fargo instituted Civil Action No. CV-2010-

00310, *Wells Fargo Bank, N.A. v. JWWTEW, LLC, et al.*, in the United States District Court for the Southern District of Alabama (the "First Action").

12. In the First Action, Wells Fargo claimed that JWWTEW and Williams failed to pay the amounts due and owing under the Loan and two other loans from Wachovia to JWWTEW. As a result, Wells Fargo had declared the Loan to be in default demanded repayment thereof, and filed the First Action.

13. On May 3, 2011, Wells Fargo and JWWTEW executed a Forbearance Agreement by which Wells Fargo agreed to forbear from exercising any remedies available to it under the Loan Documents. JWWTEW agreed to continue making payments on the Loan (and the other loans involved in the First Action). A true and correct copy of the Forbearance Agreement is attached as **Exhibit 5**.

14. Pursuant to Paragraph 27 of the Forbearance Agreement, JWWTEW and Williams agreed that, in the event of subsequent litigation between the parties, they:

> CONSENT AND AGREE THAT THE STATE OR FEDERAL COURTS LOCATED IN BIRMINGHAM, ALABAMA SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE ANY CLAIMS OR DISPUTES BETWEEN OBLIGORS AND LENDER PERTAINING TO THIS AGREEMENT OR ANY OF THE OTHER LOAN DOCUMENTS OR TO ANY MATTER ARISING OUT OF OR RELATED TO THIS AGREEMENT OR ANY OF THE OTHER LOAN DOCUMENTS[.]

(Capitalization in original).

15. Defendants further agreed that they would pay Wells Fargo a Forbearance Fee equal to two percent of the then-outstanding obligations (i.e., $665,666.74), or $13,313.33.

16. On May 4, 2011, in accordance with the terms of the Forbearance Agreement, Wells Fargo and JWWTEW stipulated to the dismissal of the First Action, whereby Plaintiff Wells Fargo's claims were dismissed without prejudice and Defendants JWWTEW and Williams' counterclaims were dismissed with prejudice. A true and correct copy of the Stipulation of Dismissal and the Order dismissing the action are attached as **Exhibit 6**.

## JWWTEW's Breach of the Forbearance Agreement and the Current Indebtedness

17. In accordance with the Forbearance Agreement, JWWTEW fulfilled its obligations with regard to the other loans at issue in the First Action, but failed to fulfill its obligations with regard to the Loan and Note.

18. As a result, Wells Fargo declared the Loan to be in default, and demanded payment thereof pursuant to a Notice of Default and Demand for Payment Letter (the "Demand Letter") dated June 30, 2014. A true and correct copy of the Demand Letter is attached as **Exhibit 7.**

19. As of September 19, 2014, the outstanding indebtedness under the

Note was $453,950.60. This debt consists of, in part, $365,521.77 in principal, $41,012.60 in accrued interest, $16,381.53 in late fees, and lender's expenses of $31,034.70.

20. Defendants have also failed to pay Wells Fargo the Forbearance Fee of $13,313.33.

21. In addition, pursuant to the Loan Documents, JWWTEW and Williams are obligated to pay Wells Fargo all costs incurred in enforcing its rights and collecting the outstanding indebtedness, including but not limited to attorneys' fees, cost of collection, and court costs, incurred in the prosecution of this action.

## Count I – Breach of Promissory Note

22. Wells Fargo incorporates by reference the allegations set forth above as if set forth fully herein.

23. JWWTEW has breached its obligations under the Loan Documents and Forbearance Agreement.

24. As of September 19, 2014, the outstanding indebtedness under the Note was $453,950.60. This debt consists of, in part, $365,521.77 in principal, $41,012.60 in accrued interest, $16,381.53 in late fees, and lender's expenses of $31,034.70.

25. Interest continues to accrue on the balance of the Note at the rate of

$71.07 per day from and after September 19, 2014.

26. Pursuant to Loan Documents, Wells Fargo is entitled to collect from JWWTEW its reasonable attorneys' fees and costs incurred by it in enforcing its rights under the Loan Documents.

27. JWWTEW has also failed to pay Wells Fargo the Forbearance Fee of $13,313.33.

28. All conditions precedent to the bringing of this action have been performed by Wells Fargo or have otherwise occurred.

**WHEREFORE,** Wells Fargo hereby demands judgment against JWWTEW in an amount not less than $467,263.93, together with all other amounts due and owing under the Note, including, without limitation, interest accruing at the default rate in accordance with the Note, and all attorneys' fees and court costs incurred by Wells Fargo in enforcing its rights under the Note, and all other legal and equitable relief the court deems proper and just.

### Count II – Breach of Guaranty

29. Wells Fargo incorporates by reference the allegations set forth above as if set forth fully herein.

30. By the terms of the Guaranty, Williams guaranteed all obligations of JWWTEW to Wells Fargo, including JWWTEW's obligation to repay the

outstanding indebtedness due under the Note.

31. Williams has breached his obligations under the Guaranty by failing to pay Wells Fargo the monies due under the Note.

32. Pursuant to the Guaranty, Wells Fargo is entitled to collect from Williams its reasonable attorneys' fees and costs incurred in enforcing its rights under the Note and Guaranty.

33. Williams has also failed to pay Wells Fargo the Forbearance Fee of $13,313.33.

**WHEREFORE,** Wells Fargo hereby demands judgment against Williams in an amount not less than $467,263.93, together with all other amounts due and owing under the Note and Guaranty, including, without limitation, interest accruing at the default rate in accordance with Note, and all attorneys' fees and court costs incurred by Wells Fargo in enforcing its rights under the Note and the Guaranty, and all other legal and equitable relief the court deems proper and just.

          s/ W. Patton Hahn
          ERIC L. PRUITT
          W. PATTON HAHN
          Attorneys for Plaintiff Wells Fargo Bank, N.A.

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
420 20th Street North
1400 Wells Fargo Tower
Birmingham, Alabama 35203
(205) 328-0480

**Defendants to be Served via Certified Mail**

JWWTEW, LLC
2650 Schillinger Road North
Semmes, Alabama 36575

John Wesley Williams, Jr.
627 Tuthill Lane
Mobile, Alabama 36608